Curia, per Butler, J.
The second section of the Act of 1777, 4 Stat. 364, contains the following provision ; “that where any suit or action shall be brought, sued or depending, (fee. touching or concerning any usurious bond, (fee. the borrower or party to such usurious bond, (fee. or from whom such higher rates of interest is or shall be demanded, had or taken, shall be, and is hereby declared to be, a good and sufficient witness in law to give evidence of such offence against this Act.”
It is contended that the words, “or party to such contract,” refer to and are synonimous with the borrower; and that therefore the privilege of giving evidence under the Act, is confined to the borrower, or principal in the contract, and cannot be extended to other parties, who are mere sureties. The liabilities of all the parties to the contract are the same in respect to the lender. The sureties are as much parties as the principal, looking at the mere legal purport of the contract. And where they have the same knowledge, and can give the same information, as to the terms of the contract, I can see no good reason why they should be excluded from the benefits of the Act. Under the terms of their contract, they are the parties from whom such higher rate of interest is or shall be demanded, whenever they are sued. The literal provisions of the Act apply to them as much- as to the borrower, all being parties in interest from whom such interest may be demanded. The design of the Act would fall short of its ends if such parties were to be deprived of their rights under it. Take this instance; a borrower is dead, or absent from the State, his estate or himself being insolvent; in such case, is the surety to suffer because he should not be allowed to give the same evidence that his principal might have done % In every respect his liability is the same, the mischief contemplated is the same, and it may be supposed that his knowledge and opportunity of giving evidence are in all respects equal to those of the actual borrower, Why *3 , then should there be any reason for saying that his privileges should not be the same'? To deny him these in the case supposed, would be to subject the surety to harder terms than the principal would be bound to submit to, and would deprive him of the liberal indulgencies of the law in favor of his indemnity.
It has been suggested that the case of Gaillard vs. Leseigneur and LeRoy, 1 McM. 225, is inconsistent with these views. So far from it, that opinion was given with a view of letting in all the parties to the contract, even by implication or relation, to give evidence; upon the ground, as is there said, that it was the aim of the statute to make witnesses, of all the parties interested in the contract, who could give such information as would expose and detect the usury.
A majority of the court think that, whether they consult the literal phraseology of the Act, or its remedial design, the decision below should be affirmed.
Motion refused.
EvaNS, Waedlaw and Frost, JJ. concurred.
O’Neall, J. dissented.
Richardson, J.
I think the proper construction of the usury Act excluded the witness — not party to the usury.